UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACCURIDE INTERNATIONAL INC., a California Corporation, dba ACCURIDE,<br><br>Plaintiff,<br><br>v.<br><br>MATCO TOOLS CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  CV07-06102 VBF (SHx)<br><br>The Honorable Stephen J. Hillman<br><br>**STIPULATED PROTECTIVE ORDER** |
| AND RELATED COUNTERCLAIM. | |

WHEREAS Plaintiff and Counterclaim Defendant Accuride International Inc. and Defendant and Counterclaimant NMTC, Inc. dba Matco Tools Corporation (collectively, the "Named Parties") have moved the Court for its approval of this Stipulated Protective Order (the "Protective Order"); and

WHEREAS discovery in the captioned lawsuit (the "Action") may require disclosure of confidential materials and information, and the Named Parties desire to maintain the confidentiality of such materials and information;

ACCORDINGLY, the Court finding good cause for entry of this Protective Order,

IT IS HEREBY ORDERED:  That the Motion is GRANTED; and, it is STIPULATED AND FURTHER ORDERED that each Named Party to this Action, and anyone else who subsequently may subscribe to this Protective Order (by execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Attachment A, the execution of which shall make such party, along with the Named Parties, a "Bound Party"), is ordered by the Court as follows:

1. **PROTECTED DISCOVERY MATERIAL:** This Protective Order shall govern all discovery materials produced or disclosed in the Action, including the following:  documents, things, data and information, answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits and all other discovery taken pursuant to the Federal Rules of Civil Procedure (collectively, "Discovery Material").

2. Discovery Material designated for protection under this Protective Order shall be designated by the entity or individual producing it ("Producing

1  Party") as CONFIDENTIAL.  CONFIDENTIAL Discovery Material constitutes
2  "Protected Discovery Material" under this Protective Order.

4      3.    The "CONFIDENTIAL" designation may be applied to Discovery
5  Material that the Producing Party reasonably and in good faith determines to
6  constitute nonpublic material not generally available, including but not limited to
7  confidential trade secret, financial, business, or commercial information
8  ("Confidential Discovery Material").

10     4,    To designate and categorize written Discovery Material as
11 Confidential Discovery Material, the Producing Party shall stamp
12 "CONFIDENTIAL" or similar language on each page of such Discovery Material.
13 A Producing Party may permit a Receiving Party (as defined below) to review
14 Confidential Discovery Material prior to so marking it without waiving the right to
15 so mark it when producing copies to the Receiving Party.  The designation and
16 classification of information as Confidential Discovery Material will be deemed
17 effective to bring that information under the protections of this Protective Order
18 unless and until the Court orders otherwise.  Within 10 days of the effective date of
19 this Order, any party shall be entitled to designate as Confidential Discovery
20 Material, discovery material produced prior to the effective date of this Order.

22     5.    Confidential Discovery Material designated pursuant to Paragraph 4
23 may be disclosed <u>only</u> to the following persons, each of whom shall be deemed a
24 "Receiving Party," except upon the prior written consent of the Producing Party:

26     (a)    Attorneys from any law firm that is counsel of record for any Named
27         Party and in-house counsel for any Named Party;

(b) Employees of the Named Parties and any of their agents who have executed a written statement in the form attached hereto as Attachment A, with any such executed statement being served on all Named Parties prior to disclosure;

(c) Independent consultants and experts, to the extent disclosure is necessary for their services in connection with this Action, except that disclosure may not be made to anyone pursuant to this Paragraph until after the recipient has executed a "CONFIDENTIALITY UNDERTAKING" of the form attached as Attachment A to this Protective Order completed with the independent consultant's or expert's name, title and business address;

(d) Outside contractors hired by any of the parties designated in 5(a), (b), and (c) to copy, index, sort, or otherwise manage the storage and retrieval of Discovery Materials, provided that such outside contractors have agreed in writing to keep confidential any Confidential Discovery Material to which they have access;

(e) Secretarial, clerical and legal assistants working under the supervision of the parties designated in Paragraphs 5(a), (b), and (c) assigned to and necessary to assist in the conduct of this Action;

(f) Any other individual falling within the provisions of Paragraph 18;

(g) Court reporters and videographers who record and/or transcribe deposition or other testimony in this Action;

(h) The Court and its staff; and

(i) Any other entity or individual designated by a further order of the Court to receive Confidential Discovery Material.

6. For purposes of Paragraphs 4 and 5, information produced or provided on a computer disk, data tape or other medium that has not been reduced to paper

form may be designated as Confidential Discovery Material by informing all Case Parties in writing that the computer disk, data tape or other medium contains Confidential Discovery Material. To the extent practical, such physical medium should be labeled in substantial accordance with Paragraph 4 as appropriate. The Receiving Party then shall be responsible for appropriately labeling any printed versions of Protected Discovery Material that it creates after receiving the information in electronic format.

7. **FILING UNDER SEAL:** All Protected Discovery Material that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing such material, shall be filed under seal in compliance with any Local Rules and with the designations required by this Protective Order. The designation "CONFIDENTIAL" shall be stamped prominently on the filing envelope, together with the words "FILED UNDER SEAL." This Paragraph shall not be construed to limit or prohibit the right of an entity or individual having the requisite standing to challenge a designation of Discovery Material as Protected Discovery Material, the procedure for which is set forth in Paragraph 9 of this Protective Order.

8. **CHALLENGING CONFIDENTIALITY DESIGNATION:** A Bound Party shall not be obligated to challenge the propriety of a designation of Discovery Material as Protected Discovery Material under this Protective Order at the time made, and the failure to do so shall not preclude a subsequent challenge. If at any time a Bound Party objects to a designation of information as Confidential Discovery Material ("Objecting Party"), the Objecting Party shall notify the Producing Party in writing of its request to have the designation modified or withdrawn ("Challenge Notice"). The Challenge Notice shall identify the Discovery Material in question and shall specify in reasonable detail the reason or

1  reasons for the objection.  Within ten (10) business days of the receipt of a
2  Challenge Notice, the Producing Party shall respond in writing to the Objecting
3  Party, either withdrawing the designation, setting forth in reasonable detail the
4  reasons why the Producing Party believes the Discovery Material is entitled to the
5  designated status, or modifying the designation and setting forth in reasonable
6  detail the reasons why the Producing Party believes the Discovery Material is
7  entitled to a modified designation.  If not satisfied, the Objecting Party may seek
8  from the Court an order stating a different designation for the Discovery Material.
9  For purposes of so moving the Court, the foregoing writings shall satisfy the
10 requirements under Local Rule 37-1 to meet and confer and to send a written
11 request for a conference which identifies issues in dispute.  The Parties must still,
12 however, comply with Local Rules 37-2 by preparing a stipulation and must
13 comply with the remaining requirements of Local Rule 37 and its subparts.  For
14 any such motion, the burden of making a *prima facie* showing as to why the
15 designation is improper shall be on the Objecting Party.  The ultimate burden of
16 showing that the designation is proper shall be on the Producing Party.  The
17 Discovery Material that is the subject of such a motion shall be treated in
18 accordance with its original designation until the Court makes a final ruling on the
19 motion.
20
21      9.     **JURISDICTION:** Each Bound Party hereby agrees to subject
22 himself/herself/itself to the jurisdiction of the Court for the purpose of any
23 proceedings relating to the performance under, compliance with, or violation of
24 this Protective Order.
25
26      10.    **DEPOSITIONS AND COURT PROCEEDINGS:** Testimony or
27 other material disclosed or to be disclosed at any deposition or during court
28 proceedings may be designated and categorized under Paragraphs 3 and 4 by any

Bound Party by: (a) indicating on the record at the deposition or during court proceedings that the testimony or other material is designated as Confidential Discovery Material under this Protective Order; (b) notifying all Case Parties in writing of such designation prior to the deposition or court proceeding; or (c) by making such a designation in writing to all Case Parties within fourteen (14) calendar days from the earlier of the date that the transcript is first available for review by the witness or the date that the preliminary transcript is sent to counsel, if ordered.  Any such designation must be pursuant to the standards set forth in Paragraph 3 of this Protective Order.  Those portions of depositions that are so designated shall be filed separately and under seal with the Court pursuant to Paragraph 10 whenever depositions are so filed.  In order to facilitate designations pursuant to clause (c) of this Paragraph, unless otherwise agreed to in writing by the designating Bound Party, all deposition transcripts shall be treated in a manner consistent with a designation of Confidential Discovery Material under Paragraphs 3 and 4 until fourteen (14) calendar days from the earlier of the date that the transcript is first available for review by the witness or the date that the preliminary transcript is sent to counsel, if ordered.  The court reporter shall designate and categorize those portions of deposition and court proceeding transcripts that are considered by the designating Party to be Protected Discovery Material with an appropriate legend under Paragraph 4 and shall separate portions of transcripts and exhibits that contain Protected Discovery Material from those portions of transcripts and exhibits that do not.

11.    In the event that any question is asked at a deposition or at a court proceeding with respect to which a Bound Party asserts that the answer requires the disclosure of Protected Discovery Material, such question shall nonetheless be answered by the witness fully and completely.  Prior to answering, however, all persons present – other than those who are persons covered by Paragraph 5 of this

Protective Order – shall be advised of and agree to the terms and conditions of the Protective Order and, at the request of the Producing Party, all persons, other than the witness and the witness' counsel, who are not allowed to obtain such information pursuant to this Protective Order shall leave the room during the time in which this information is disclosed.

12. **PRODUCTION BY THIRD PARTIES:** Any third party producing confidential information in connection with this Action shall have the right to designate the third party's own information as Confidential Discovery Material subject to the terms of this Protective Order, and to the extent that any third party seeks to produce information subject to the terms of this Protective Order, the Bound Parties agree to treat the third party's Protected Discovery Material in accordance with the terms of this Protective Order.

13. **INADVERTENT MISDESIGNATION:** In the event that a Producing Party discovers that Protected Discovery Material inadvertently has been produced without being marked with the appropriate designation, the Producing Party may thereafter notify the Receiving Party and require the Receiving Party to retrieve and return any unmarked or incorrectly marked material and to substitute therefor appropriately marked material, provided (i) the Producing Party initially has taken reasonable measures to identify and designate the subject material, and (ii) the Producing Party notifies the Receiving Party promptly after learning of such inadvertent designation.  Upon receipt of such notification from the Producing Party, the Receiving Party immediately shall treat the Discovery Material as Protected Discovery Material.  However, the Receiving Party shall have no liability with respect to any prior disclosure or use of such Discovery Material that is consistent with the terms of this Protective Order.

14. If data or information has been extracted from Discovery Material that subsequently is reclassified pursuant to Paragraph 14, reasonable efforts shall be taken to ensure that the data or information shall be treated according to its reclassification. However, to the extent that, prior to being notified of the inadvertent misdesignation of Discovery Material, the Receiving Party uses in good faith such information and/or data in documents filed with the Court or at depositions, the Receiving Party will have no obligation to expunge such information and/or data from or otherwise to alter any such documents filed with the Court or the transcript of any such deposition.

15. **INADVERTENT PRODUCTION:** If a Producing Party discovers that it has produced information subject to the attorney-client privilege and/or the work product doctrine to a Receiving Party inadvertently, then the Producing Party shall be entitled to request the immediate return of such information, provided: (i) the Producing Party initially has taken reasonable measures to identify and withhold materials subject to such a claim, and (ii) the Producing Party notifies the Receiving Party promptly after learning of such inadvertent production. Upon notification from the Producing Party that an inadvertent production has been made, together with identification of the material at issue and the nature of the claim being asserted, the Receiving Party immediately shall retrieve and return to the Producing Party all copies of such information, and the Receiving Party thereafter shall make no use of any kind of any information obtained therefrom. However, the Receiving Party shall have no liability with respect to any prior disclosure or use of such information that is consistent with the terms of this Protective Order. Nothing herein shall prevent the Receiving Party from challenging, by motion, the propriety of the assertion of attorney-client privilege or work product immunity. In the event the Receiving Party wishes to make such a challenge on a ground other than waiver or because it contends that condition (i) or

8

STIPULATED PROTECTIVE ORDER

(ii) above has not been met, it may retain one (1) copy only of such information for the sole purpose of making its challenge, and in the event the challenge is unsuccessful, shall return the information at issue to the Producing Party immediately.

16. **INADVERTENT DISCLOSURE:** In the event of an inadvertent disclosure by a Receiving Party of Protected Discovery Material, the Receiving Party making the inadvertent disclosure shall, upon learning of the disclosure:

(i) immediately notify the entity or individual to whom the disclosure was made that the disclosure contains Protected Discovery Material subject to this Protective Order;

(ii) immediately make all reasonable efforts to recover the disclosed Protected Discovery Material as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and

(iii) within five (5) days, notify the Producing Party of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the Protected Discovery Material and ensure against the further dissemination or use of the Protected Discovery Material.

17. **SECURITY:** Each Receiving Party shall maintain all Protected Discovery Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the Receiving Party with respect to its own confidential information.

18.     **MISCELLANEOUS PROVISIONS:**  Nothing in this Protective Order shall **prohibit** a Bound Party or its counsel from disclosing a document containing Protected Discovery Material to any individual that the document clearly identifies as an author, addressee, or carbon copy recipient.

19.     During deposition or trial testimony, counsel may disclose Protected Discovery Material only to a current employee, officer, or agent of the Producing Party who either:  (a) clearly is identified as an author, addressee, or carbon copy recipient of the Protected Discovery Material, or (b) is first established as being reasonably likely to have had access to or be authorized to have access to the information contained in the Protected Discovery Material.  In such a case, all other individuals present at the deposition or trial during the use of the Protected Discovery Material must qualify as having access to the Protected Discovery Material pursuant to Paragraph 5 depending on the designation of the Protected Discovery Material as Confidential Discovery Material.

20.     All Protected Discovery Material produced in this Action only shall be used in connection with the preparation, trial and appeal, if any, of this Action, and shall not be used for any other purpose or use or disclosed to any other individual or entity unless otherwise agreed to beforehand in writing by the Producing Party or if the Court so orders; however, this requirement shall not prejudice any Producing Party's right to seek or oppose an order from the Court permitting the use in other litigation of Protected Discovery Material.

21.     No Discovery Material shall be Protected Discovery Material if it is, or becomes, widely available as a matter of public record or is otherwise intentionally disclosed to the public at large by the Producing Party.

22.     Nothing contained in this Protective Order shall preclude a Producing Party from using its own Protected Discovery Material in any manner it sees fit, or from revealing such Protected Discovery Material to whomever it chooses, without the prior consent of any other Bound Party, third party or the Court.

23.     This Protective Order pertains only to Protected Discovery Material provided by a Producing Party and does not limit the use or disclosure of materials that have been obtained by any Bound Party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

24.     After the final disposition of the Action, whether by settlement, dismissal with or without prejudice, bench trial verdict, jury trial verdict, or decision on appeal ("Final Disposition"), and within thirty (30) calendar days of a request by the Producing Party, all Receiving Parties shall, at their election, either return all Protected Discovery Material and all copies thereof to the Producing Party or destroy all Protected Discovery Material and all copies thereof.  All Receiving Parties shall certify, to the best of their knowledge after reasonable inquiry, the return or destruction by affidavit or signed letter furnished to the Producing Party.  This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys for each Bound Party as archival records or other attorney work-product created for any Bound Party.  Any Protected Discovery Material, or portions or excerpts thereof, which are not destroyed or returned pursuant to this Paragraph, shall remain subject to the terms of this Protective Order.

25.     If a Receiving Party receives a subpoena or other form of compulsory process from a third party seeking production or other disclosure of Protected

Discovery Material, it immediately shall give written notice to the Producing Party that designated the Protected Discovery Material, specifying the Protected Discovery Material sought by the third party and enclosing a copy of the subpoena or other form of compulsory process. In no event shall production or disclosure be made before twenty-one (21) calendar days after giving such notice to the Producing Party unless ordered by a court.

26. Any Bound Party at any time may make a motion requesting that the Court modify this Protective Order to provide additional or different protection.

27. For the Action, this Protective Order shall govern discovery, pretrial proceedings, trial, and any appeal.

28. The treatment accorded Protected Discovery Material under this Protective Order shall survive the Final Disposition and the Court will retain jurisdiction over this Protective Order after the Final Disposition.

29. A violation of this Protective Order may be considered an act of contempt of the Court, subject to a determination by the Court that the requirements for such a finding are satisfied.

30. The disclosure of Discovery Material or its production for inspection in this Action shall not constitute an admission of its authenticity or of its admissibility in this Action.

31. Nothing in this Protective Order shall bar or otherwise restrict any counsel for a Bound Party from rendering legal services to the Bound Party in connection with this Action; provided, however, that in rendering such legal

1 services and in otherwise communicating with the Bound Party, the attorney shall
2 not disclose the content or the source of any Protected Discovery Material unless
3 the Bound Party is entitled to have access to the Protected Discovery Material
4 pursuant to this Protective Order.

## ORDER

**IT IS SO ORDERED.**

DATED: 2/22/08

/s/
The Honorable Stephen J. Hillman
United States Magistrate Judge

Attachment A

AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

I, _____ (print or type name), in connection with CV 07-6102 VBF (SHx), pending in the Central District of California, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered into between and among the parties, which is attached hereto as Exhibit 1, have read the same, and agree to be bound by all of the provisions thereof.

Dated: _____     _____
                                                          Signature

                                                 _____
                                                          Print Name